**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IVIS D. MCGRIFF, | : | |
| | : | Civil Action No. 09-455 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FERRIS W. WHARTON and | : | |
| PUBLIC DEFENDER LAWRENCE | : | |
| M. SULLIVAN, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> IVIS D. MCGRIFF, Plaintiff pro se
> SBI # 209900
> Howard R. Young Correctional Institution
> Wilmington, Delaware 19977

**SIMANDLE,** District Judge

Plaintiff Ivis D. McGriff ("McGriff"), currently confined at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint must be dismissed.

I.   BACKGROUND

McGriff brings this action, pursuant to 42 U.S.C. § 1983, against public defenders Ferris W. Wharton ("Wharton") and Lawrence M. Sullivan ("Sullivan").  (D.I. 2.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court makes no findings as to the veracity of McGriff's allegations.

McGriff alleges that Wharton, who apparently represents McGriff in a criminal matter, informed McGriff that he could not have a "depositions hearing" because the State does not have to present any witnesses.  Additionally, Wharton has not provided McGriff with copies of discovery.  McGriff complained to Wharton's supervisor, Sullivan, to no avail.

McGriff seeks injunctive relief.

II.   STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  An action is frivolous if it "lacks an arguable basis either in law or in

2

fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  Id. (quoting Fed. R. Civ. P. 8(a)(2)).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

### III.  SECTION 1983 ACTIONS

McGriff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to state a claim for relief under §

4

1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

As alleged by McGriff, Wharton and Sullivan are public defenders for the State of Delaware.  Public defenders do not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in criminal proceedings.  Polk County v. Dodson, 454 U.S. 312 (1981).  Because Defendants are not considered state actors, McGriff's claims fail under § 1983.

V.  CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the Complaint would be futile.

An appropriate Order accompanies this Opinion.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Date: **September 10, 2009**